

FILED

NOV 08 2021

Clerk, U.S. District Court
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

Quinn Ngiendo )
   Plaintiff ) Civil Case No. **5:21-cv-04077-HLT-JPO** _____
v. )
First Transit, Inc. & )
Gallagher Bassett Services, Inc. ) **COMPLAINT AND PRAYER FOR JURY**
   Defendants ) **TRIAL**
)

1. Quinn Ngiendo, plaintiff, sues defendant First Transit, Inc. states the following:-

2. Quinn Ngiendo, plaintiff domiciles in the State of Kansas as of time of subject complaint.

3. Defendant First Transit, Inc. is a business founded under the laws of the State of Delaware and is its domestic Corporation.

4. Defendant's Corporate Agent for the purposes of service of process is "The Corporation Trust Company", Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801

5. First Transit, Inc., the defendant, engages in regular business in City of Lawrence, Kansas providing for public transportation (the bus services), and is defined as a foreign entity under the Corporation laws of the State of Kansas.

6. Defendant Gallagher Bassett Services, Inc. is also an entity founded under the laws of the State of Delaware and is its domestic Corporation

7. Defendant Gallagher Bassett Services, Inc. Corporate Agent for process of service is The Prentice-Hall Corporation Systems, Inc. 251 Little Falls Drive, Wilmington, DE 19808

8. Gallagher Bassett Services, Inc. engages in regular business in the State of Kansas, as an indemnity, and defined as a foreign entity under the Corporation laws of the State of Kansas.

9. Complaint is arising out of a Bus accident operated by First Transit, Inc. on November 09, 2019, westbound on 27th Street, adjacent to Naismith Valley Park. This is a public road

with an enforced Careless driving provision in the City of Lawrence Code No. 17-115, a published amendment to adopt Standard Traffic Ordinance for Kansas Cities, Edition of 2019, City of Lawrence Code No. 17-115.

10. On November 19, 2019, Plaintiff boarded a passenger bus owned and operated by Defendant First Transit, Inc. for the purposes of transit in the City of Lawrence, Kansas. At this time, I rode on the southbound Route 7 bus originating at 7th and Vermont Street. Southbound Bus Route 7 proceeds along a fixed course and eventually travels westbound on 27th Street, adjacent to the Naismith Valley Park. The transit unit in which I was a passenger on this day was a minibus, much shorter in length than traditional buses and with far less headroom.

11. Plaintiff in an orderly fashion and manner, paid her bus fares and sat on the back of the bus, when defendant's First Transit, Inc. driver approaching subject accident area, failed to reduce the City's enforced speed limit to 10 miles per hour conspicuously erected by the roadways, striking a huge massive placed bumper ahead at a high speed flying plaintiff off the passenger seat causing an accident in which plaintiff sustained severe personal injuries.

12. The bus sped over the bump, bottom out, and scraped the chassis with the weight transferring to the back of the bus.

13. The force of running over such a pronounced speed bump thrusted my body upward and ejected me out of the seat in the back of the bus. I struck my head on the ceiling of the bus as I propelled aloft. I then suffered a hard landing onto my tailbone as I crashed to the floor of the bus.

14. After exiting the speed bump, the bus driver continued travelling westbound, as I remained on the floor of the bus. I had to yell out to the bus driver to stop. I also suffered abrasions to my knees and legs as the bus bounced me around while still in motion.

**COUNT ONE**

Plaintiff, Quinn Ngiendo and I re-alleges incorporate by reference all facts and allegations in paragraphs 1 through 12 above and further alleges:-

15. This accident was caused by a wanton defendant First Transit, Inc.'s employee, with less interest at work, a driver who at its very least, negligently, but mostly intently, knowingly, recklessly and carelessly whose those acts and omissions were as follows:-

    (a). Operated the bus at a high level, dangerous and excessive rate of speed under the circumstances then and there existing on the roadway.

    (b). failed to reduce speed to avoid such accident causing plaintiff severe personal injuries

    (c). failed to observe due care and precaution and to maintain proper and adequate control of the bus;

    (d). failed to keep a proper lookout for other signs and warnings erected on the roadways including the fact that Naismith Valley Park area with the conspicuously enforced reduced speed limit of 10 mph, is a place frequented by pedestrians hiking or using the park and also that it is a school-residential access area with Arrowhead Elementary School up the hill who uses the sidewalks near scene of accident to go to school and back home.

    (e). failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then there existing; and.

    (f). In, other respects not now known to plaintiff but which may become known before or at the time of trial.

Because of defendant and/or its employee driver direct and proximate acts of negligence and carelessness, plaintiff:

(a). Suffered and continues to suffer, painful and permanent bodily injuries, great physical trauma in pain and mental anguish. Substantially severe emotional distress, loss to enjoy life, presently, I am forty-nine (49) years old and, according to the federal actuarial table, has 33.23 years of life remaining. Since this incident on November 9, 2019, I continue to endure daily pains and ailments throughout my entire body which causes disruption in routine living activities and the said enjoyment of life.

(b). Was, is and will be required to undergo medical treatments and to continually incur medical costs and expenses to alleviate injuries, pain and suffering.

(c). Was, is and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of actual earnings;

(d). and, otherwise was hurt, injures and caused to sustain losses.

9. All of the Plaintiff's losses were, are and will be due to the carelessness and negligence of the Defendant First Transit, Inc., without any negligence or want of due care on the Plaintiff's part contributing to the harm done.

10. Defendant owed plaintiff a duty of care to have hired only the best drivers, asserting negligence hire; and/or should have properly trained its subject bus driver; including to supervise her. The state of Kansas holds a superior respondeat liable for acts or omission by employee that injured another person, while performing duties for it or its premises, in this case driving for employer.

**Duty as indemnity -** Defendant taking responsibility for the accident, assigned a claims management the Gallagher Bassett Services, Inc., as its indemnity, whose adjusters takes plaintiff

around while battling same accident injuries, hence she opt for this civil action with barely 5 days left for statute of limitation to run, and with no proper responses from its insurance claims management to-dates, but being taken around.

    WHEREFORE, this Plaintiff claims THREE MILLION DOLLARS (3,500,000) in damages.

Respectfully submitted
*s/* Quinn Ngiendo
Quinn Ngiendo
C/o General Delivery
Minneapolis, MN 55440
Email: focusidealogist@aol.com
Telephone: 785-979-6150

*Quinn Ngiendo v. First Transit, Inc.* Civil Case No. _____

Quinn Ngiendo
c/o General Delivery
Minneapolis, MN 55440
City          State          Zip Code

785-979-6150
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates { ☐ Wichita, ☐ Kansas City, or ☒ Topeka }, Kansas as the
                              (Select One)
location for the trial in this matter.

_Ngiendo Quinn_
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury { ☒ Yes or ☐ No }
                                    (Select One)

_Ngiendo Quinn_
Signature of Plaintiff

Dated: 11/6/2021
(Rev. 10/15)

6